# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JAMAL M. AWAD,**                                                                                                                     **PETITIONER**

**V.**                                                         **NO. 1:03CR030-WAP**

**UNITED STATES OF AMERICA,**                                                                         **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Jamal Awad's, a *pro se* federal inmate, § 2255 motion in which he is seeking to vacate or reduce his sentence. Having reviewed the petition, the court finds that the motion is not well taken and shall be denied.

*A. Background*

On October 20, 2003, following a plea bargain, Petitioner was sentenced to twelve months incarceration followed by three years of supervised release. On November 23, 2004, Petitioner filed this motion to vacate, his sentence arguing that he received ineffective assistance of counsel because his attorney failed to inform him about the possibility of deportation.

*B. Discussion*

In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. As long as the defendant understood the length of time he might possibly receive in his sentence, he was fully aware of his plea consequences then his guilty plea was not unknowing or involuntarily, even if he received erroneous advice of counsel regarding the sentence likely to be imposed. *U.S. v. Sana Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

To this point Petitioner argues that his attorney was ineffective for failing to explain the possibility of deportation following a conviction. In other words, counsel nor the court informed Petitioner that his plea of guilt might have an adverse impact on his ability to remain in the country. Petitioner argues that the consequences a conviction may have on his immigration status is integral to the knowing, intelligent and voluntary acceptance of a plea agreement. Further, since he was unaware of the consequences, his conviction is constitutionally infirm.[1]

It has long been recognized that a defendant's ignorance of the immigration consequences following a conviction is not a basis for habeas relief. *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 335 (5th Cir. 2004); *U.S. v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993) (no due process right to be informed of collateral consequences of criminal proceedings); *U.S. v. Osiemi*, 980 F.2d 344, 349 (5th Cir. 1993) (the possibility of deportation is only a collateral consequence of a guilty plea); *U.S. v. Gavilan*, 761 F.2d 226, 228 (5th Cir. 1985) (deportation is severe but indirect consequence of conviction); *Garcia v. U.S.*, 671 F.2d 147, 150 (5th Cir. 1982). The court nor counsel has a legal obligation to lecture a defendant of the serious but collateral consequences of a guilty plea. *Osiemi*, 980 F.2d at 349; *see also U.S. v. Craddock*, 844 F. Supp. 333, 334 (S.D. Tex. 1994).

---

[1] Petitioner does not argue that his is actually innocent of the charges to which he pled guilty and he does not suggest that counsel failed to inform him of the availability of a Judicial Recommendation Against Deportation. *See U.S. v. Castro*, 26 F.3d 557 (5th Cir. 2994).

In accordance with the numerous holdings cited above, converting the argument into on for ineffective assistance of counsel does not alter the result. Although the practice is less than palatable, the court finds that counsel was not deficient for failing to inform Petitioner of the consequences his conviction might have upon his immigration status. Furthermore, Petitioner, who does not argue that he would not have pled guilty, has failed satisfy the prejudice prong of *Srickland*. As a result, Petitioner's ineffective assistance of counsel argument is without merit.[2]

*C. Conclusion*

Consistent with the foregoing discussion Petitioner's § 2255 motion shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the 19th day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Finally, while this motion was pending, Petitioner was released from confinement on August 16, 2006. His release also renders these claims moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).